UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL KERRY POWELL,                          Case No. 1:11-cv-162
    Petitioner,

                                                                                                                  Spiegel, J.
    vs                                                            Bowman, M.J.


WARDEN, MADISON CORRECTIONAL       **REPORT AND**
INSTITUTION,                                        **RECOMMENDATION**
    Respondent.

       Petitioner, an Ohio prisoner allegedly confined at the Madison Correctional Institution in London, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel.  In the petition, petitioner challenges his March 2004 conviction and resulting 15-50 year prison sentence upon his entry of guilty pleas to charges of felonious sexual penetration and rape in the Clermont County Court of Common Pleas, Case No. 03-CR-781.  (Doc. 1).  He alleges as grounds for relief that: (1) he "was denied due process of law because[] his plea was unknowing, uni[n]telligent and involuntary;" and (2) his "plea would not have been made but for the ineffective assistance of counsel."  (Doc. 1, pp. 6, 8).

       It has come to the undersigned's attention that petitioner's counsel previously filed a habeas petition under 28 U.S.C. § 2254 on petitioner's behalf, challenging the same conviction and sentence based on the same identically-worded claims for relief, which is currently pending on the docket of this Court.  *See Paul Kerry Powell v. Warden, Lebanon Corr. Inst.,* No. 1:11cv122 (Beckwith, J.; Litkovitz, M.J.) (Doc. 1).  The only difference between the two cases is that petitioner named the Warden of Lebanon Correctional Institution (LeCI) as respondent in the prior petition, whereas he has named the Warden of Madison Correctional Institution (MCI) as respondent in the instant action.  The Ohio Attorney General serves as counsel for both Ohio

prison wardens. Therefore, the difference in the parties' names is not significant in this case.

The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the "general principle" that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). A district court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See Green v. Quarterman,* No. Civ. A. H-08-553, 2008 WL 2489840, at *2 (S.D. Tex. June 18, 2008) (citing *Remington Rand Corp.-Delaware v. Bus. Sys. Inc.,* 830 F.2d 1274, 1275-76 (3rd Cir. 1987) (and Supreme Court cases cited therein); *Chrysler Credit Corp. v. Marino,* 63 F.3d 574, 578 (7th Cir. 1995) (quoting *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir. 1993)) ("A federal suit may be dismissed for 'reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'")).

Here, because the two habeas petitions filed by the same attorney on petitioner's behalf are essentially carbon copies of each other, the instant later-filed petition should be dismissed as duplicative of the petition now pending before The Honorable Sandra S. Beckwith. *See, e.g., Davis v. United States Parole Comm'n,* No. 88-5905, 1989 WL 25837 (6th Cir. Mar. 7, 1989) (the dismissal of a later-filed habeas petition as duplicative of a pending petition "was proper," in a case where the petitioner did "not dispute the district court's finding that the . . . petition [was] 'essentially the same' as the earlier petition"); *see also Cummings v. Rapelje,* No. 11-cv-10239, 2011 WL 346480, at *1 (E.D. Mich. Feb. 3, 2011) (and cases cited therein) (in holding that a habeas petition was subject to dismissal as duplicative of the petitioner's "still pending first

habeas petition, because both cases seek the same relief," the district court stated that "[a] suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions"); *Ware v. Wolfenbarger,* No. 2:07-cv-11006, 2007 WL 908004, at *1-2 (E.D. Mich. Mar. 23, 2007) (dismissing as duplicative a later-filed habeas petition, which "challenge[d] the same conviction and raise[d] the same claims and ma[de] the same arguments as the petition in the case pending before" another district judge).

Accordingly, it is hereby **RECOMMENDED** that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily **DISMISSED** without prejudice to petitioner's prosecution of the duplicative habeas petition filed pursuant to 28 U.S.C. § 2254, which is currently pending before the Court in the case entitled *Paul Kerry Powell v. Warden, Lebanon Corr. Inst.,* Case No. 1:11cv122 (Beckwith, J.; Litkovitz, M.J.).  *Cf. Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (modifying the judgment so that the dismissal was without prejudice to the adjudication of the remaining pending action); *Green, supra,* 2008 WL 2489840, at *2 (the dismissal of the duplicative habeas petition was "without prejudice").  To the extent that petitioner may no longer be incarcerated at LeCI, he may file a motion to change the name of the respondent in the action that remains pending to properly reflect the individual who currently has custody of petitioner.  *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** without prejudice.

2.  A certificate of appealability should not issue with respect any Order adopting this

Report and Recommendation to dismiss the instant habeas corpus petition on the procedural ground of duplicativeness. Under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[1]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

       s/Stephanie K. Bowman
       Stephanie K. Bowman
       United States Magistrate Judge

J:\Courtney\TSH\BRYANCC\2011 habeas\11-162dism-pet.duplicative.wpd
cbc

---

[1] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the duplicative petition. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PAUL KERRY POWELL,  
    Petitioner,

vs

WARDEN, MADISON CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:11-cv-162

Spiegel, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).